UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR., | No. C 10-4009 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| HAYWARD POLICE DEPARTMENT; et al.; | |
| Defendants. | |

## INTRODUCTION

Dennis Lamar James, Jr., a parolee, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His in forma pauperis application also is before the court for review.

## BACKGROUND

James alleges in his complaint that on or about February 17, 2010, he was "racially profiled and discriminated against." Complaint, p. 3. He alleges that he "was severly (sic) beaten with hands, feet, batons and stun gun used repeatedly." Id. Attached to his complaint as Exhibit A is a page from an arrest report dated February 17, 2010 regarding James' arrest. The arrest report appears to reflect that James was arrested for resisting an executive officer, aggravated assault on an officer, and another unidentified crime as well as for a parole violation.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). James alleges that he was racially profiled in some unspecified way. The allegation of racial profiling is dismissed with leave to amend because it is nothing more than a conclusory allegation and that is insufficient to state a claim.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted). The complaint does not state a claim for excessive force against any of the defendants. Leave to amend will be granted so that plaintiff may allege a claim against each defendant he wishes to

2

pursue.

The complaint lists two individual officers as defendants, but the body of the complaint does not contain allegations against either of them. Liability under § 1983 arises only upon a showing of personal participation by the defendant. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). In his amended complaint, James must allege what each of these individuals did or failed to do that caused a violation of his constitutional rights.

James also listed as defendants several municipal entities – the Hayward police department, the City of Hayward and Alameda County – but the body of the complaint does not allege any basis for liability for any of them. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, <u>see Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, <u>see Board of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Monell</u>, 436 U.S. at 691; <u>Fuller v. City of Oakland</u>, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. <u>See Plumeau v. School Dist. #40 County of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997). Leave to amend will be granted so that plaintiff may attempt to allege a basis on which the municipal entities may be held liable.

Finally, the court notes that some or all of plaintiff's claims might be impacted by the <u>Heck</u> rule, but the record is insufficient for the court to make that determination at this time. The case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. <u>See id.</u> at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. <u>See id.</u> The <u>Heck</u> rule also prevents a person from bringing an action that --

3

even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The Heck rule bars an action only if there is an existing conviction and does not bar "an action which would impugn an anticipated future conviction." See Wallace v. Kato, 549 U.S. 384, 393 (2007). Nonetheless, a claim that would otherwise be subject to Heck should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id. Here, the exhibit attached to the police indicates that James was arrested for resisting an officer and for aggravated assault on an officer. Depending on how closely those crimes are connected to the alleged use of force, his claims might have to be stayed (if the charges are still pending), or dismissed (if he has suffered a conviction that remains in place).

James has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **January 28, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline

4

will result in the dismissal of the action.

Plaintiff's request for appointment of counsel is DENIED. (Docket # 2.)

Plaintiff's in forma pauperis application is GRANTED. (Docket # 3, # 5.) In light of the fact that plaintiff does have some income, although not enough to pay the full filing fee, the court assesses a partial filing fee of $20.00 (twenty dollars). Plaintiff must pay the $20.00 partial filing fee no later than **February 15, 2011**. Failure to pay the filing fee by the deadline will result in dismissal of the action.

IT IS SO ORDERED.

Dated: December 16, 2010

_____
SUSAN ILLSTON
United States District Judge

5