1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS LAMAR JAMES, JR.,                    No. C 10-4009 SI (pr)

      Plaintiff,                    **ORDER OF SERVICE**

    v.

HAYWARD POLICE
DEPARTMENT; et al.,

      Defendants.
_____/

**INTRODUCTION**

      Dennis Lamar James, an inmate in custody at the Santa Rita County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983.  The court reviewed his complaint and dismissed it with leave to amend.  He then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

      James alleges the following in his amended complaint:

      On or about July 27, 2009 at about 10:30 p.m. he was walking in the city of Hayward with two African American citizens when he was "unlawfully detained for no apparent reason" by Hayward police officers.   Amended Complaint, p. 4.  Once detained, he was hit in the head with a baton by officer Green, and physically assaulted by officers Green and Javier who hit him with batons, hands, and feet.  James was injured.  He then was "falsely arrested," "illegally searched" and booked at the Hayward City Jail.  *Id.* at 4-5.  Defendants did not have a warrant to search or arrest James.  The foregoing acts were committed with the knowledge and consent or approval of Hayward police chief Ron Ace.  James was "falsely charged" with a violation of

California Health & Safety Code § 11351 (possession or purchase for sale of a controlled substance).  Amended Complaint, p. 6.  "The defendants" knew they had no probable cause but caused the "County State Attorney's Office" to file charges against James.  James later filed a motion to suppress that was granted "and plaintiff was discharged."  Amended Complaint, p. 6.

On or about February 17, 2010, James was in a car that was pulled over by Hayward police officers Puga and McGilboney for a traffic stop.  Puga and McGilboney "unlawfully profiled the plaintiff who was a passenger and illegally detained plaintiff." *Id.* at 7.  They had no search or arrest warrant.  The defendants "stopped, detained and physically assaulted" James solely because of his race. *Id.* at 7-8.  Puga and McGilboney assaulted him "with Taser gun, baton, and hands" until an ambulance was called to take him to the hospital. *Id.* at 8.  He further alleges, on information and belief, that this stop, assault and search was the result of ongoing constitutional violations and unlawful practices of racial profiling "that the City of Hayward, Hayward Police Department, County of Alameda Supervisors have done nothing to stop." *Id.* at 8.  The events also were the result of a failure to train and failure to supervise by the County of Alameda, Hayward Police Department, and Hayward Police chief Ron Ace. *Id.* at 10.  James was falsely arrested and charged with numerous violations, but all charges were dismissed in or about May of 2010.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). Liberally construed, the amended complaint's allegations that Hayward police officers Green and Javier assaulted James on July 27, 2009 while arresting him, and that Hayward police officers Puga and McGilboney assaulted James on February 17, 2010 while arresting him state cognizable § 1983 claims for excessive force in violation of the Fourth Amendment.

The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). Liberally construed, the amended complaint also states a claim against officers Green, Javier, Puga and McGilboney for false arrest.

The Fourth Amendment also requires that a search be reasonable. The existence of probable cause is a major factor in determining the reasonableness of a search. *See Wyoming v. Houghton*, 526 U.S. 295, 302 (1999) (officers with probable cause to search a car may inspect passengers' belongings in the car that are capable of concealing the object of the search); *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 841 (9th Cir. 2003) (probable cause means "more than a bare suspicion; it exists when the officer's knowledge of reasonably trustworthy information is sufficient to warrant a prudent person to believe that an offense has been or is being committed.") Liberally construed, the amended complaint states a claim against officers Green, Javier, Puga and McGilboney for a Fourth Amendment violation based on an unreasonable

search.

Liberally construed, the amended complaint also states a claim against defendant Hayward police chief Ron Ace for excessive force, false arrest, and an unreasonable search, as the acts of officers Green and Javier allegedly were done "with the knowledge and consent. . . or were thereafter approved by defendant Ron Ace."  Amended Complaint, p. 5.  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *see also Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007).

Although malicious prosecution generally does not amount to a due process violation and is not a federal constitutional tort, where a prosecution is conducted with malice and without probable cause, and with the intent to deprive a person of equal protection of the laws or another specific constitutional right, a due process claim may be stated for a malicious prosecution.  *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987).  Liberally construed, the allegations that defendants knew they had no probable cause but nonetheless caused the prosecutor to charge James states a claim against Hayward police officers Green and Javier for malicious prosecution.

James' racial profiling claim is dismissed because he has alleged no facts to show that defendants were motivated by racial animus.  The allegations that (1) he is African American and (2) his civil rights were violated are not enough to allege a claim for an equal protection violation.

Liberally construed, the allegations in the amended complaint are sufficient to state a municipal liability claim against the City of Hayward and its police department, and the County of Alameda,[1] for the Fourth Amendment and malicious prosecution claims.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *Plumeau v. School Dist. #40 County of Yamhill*, 130

---

[1]James alleged that the Hayward Police Department "is a subdivision and/or deparatment (sic) of defendant, County of Alameda."  Complaint, p. 3.  The court is required to accept plaintiff's allegations as true at the pleading stage.

**United States District Court**
For the Northern District of California

F.3d 432, 438 (9th Cir. 1997).   The Ninth Circuit has instructed that it is improper to dismiss on the pleadings alone a § 1983 complaint alleging municipal liability, "'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice.'"   *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (citation omitted).

## CONCLUSION

1.      The amended complaint states cognizable claims against Hayward police officer Green, Hayward police officer Javier, Hayward police officer J. Puga, Hayward police officer C. McGilboney, Hayward police chief Ron Ace, Hayward Police Department, City of Hayward and County of Alameda.

2.      The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants:

- Hayward police officer Green
- Hayward police officer Javier
- Hayward police officer J. Puga
- Hayward police officer C. McGilboney
- Hayward police chief Ron Ace
- Hayward Police Department
- City of Hayward
- Alameda County

3.      In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.      No later than **December 9, 2011**, defendant must file and serve a motion for summary judgment or other dispositive motion.  If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due.

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 6, 2012**.  Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares

United States District Court

For the Northern District of California

his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action.  The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.     If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **January 23, 2012**.

     4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

     5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery, including the taking of the deposition of an incarcerated plaintiff.

United States District Court
For the Northern District of California

6.      As a *pro se* prisoner action, this action is exempt from the initial disclosure and initial case management conference requirements of the local rules and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv); N. D. Cal. Local Rule 16-2 and 16-7. This order, with its scheduling provisions, is the case management order. *See* N. D. Cal. Local Rule 16-7. The parties are notified that, because one of the litigants is *pro se* and incarcerated, motions are deemed submitted on the papers and oral hearings will not be held unless the court orders such a hearing on its own motion.

7.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

9.      Plaintiff's motion for assistance from the *pro se* help desk is DENIED. (Docket # 15.) The help desk for *pro se* litigants is available only as a walk-in service and does not provide help by correspondence. If and when plaintiff is released from custody, he can use the walk-in service.

10.     Plaintiff's "motion for order to show cause" is DENIED because the court does not understand who he wants to be ordered or what he wants them to be ordered to do. (Docket # 13.) Inasmuch as the general subject of the motion appears to be his filing fee obligation, plaintiff is informed that the court's finance office records show that a $20.00 payment was made on April 15, 2011 toward the filing fee in this action.

IT IS SO ORDERED.

Dated: October 3, 2011

_____
SUSAN ILLSTON
United States District Judge